IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-96-FL

| | | |
|---|---|---|
| WANDA S. HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TELAMON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the application by plaintiff to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R"), wherein it is recommended that all claims in plaintiff's complaint be dismissed for failure to state a claim. Plaintiff objects, arguing she states claims for harassment and retaliation. Plaintiff also moves for the appointment of counsel (DE 7). In this posture, the issues raised are ripe for adjudication. The court adopts the M&R, dismisses all plaintiff's claims on frivolity review, and denies as moot plaintiff's motion for appointment of counsel as set forth herein.

## STATEMENT OF THE CASE

On March 9, 2018, plaintiff, proceeding pro se, initiated this matter by filing a motion for leave to proceed in forma pauperis. Plaintiff alleges numerous violations of federal law, including claims under 1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. and other statutes prohibiting employment discrimination; 2) the First Amendment to the United

States Constitution; 3) various other federal laws; and 4) various state laws, including the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-240, et seq.. Plaintiff seeks reinstatement, declaratory relief, compensatory and punitive damages of $11 million, and attorney's fees.

The magistrate judge granted plaintiff's motion to proceed in forma pauperis, but recommended dismissal of plaintiff's claims. The magistrate judge reasoned that plaintiff's claims for harassment and retaliation fail to state a claim because plaintiff does not allege that the harassment or retaliation against her involved discrimination against a protected class. Plaintiff objects, claiming that on the facts she was harassed and retaliated against. Plaintiff also claims she is entitled to appointment of counsel.

## STATEMENT OF THE FACTS

The facts alleged in the complaint can be summarized as follows. Defendant is a corporation which receives federal funds to run a Head Start program. (Compl. at 1 ¶ 2). Plaintiff was director of the Knightdale Head Start Center which was run by defendant. (Id. at 3 ¶ 1). She worked at the center from January 17, 2017 to June 8, 2017. (Id.).

Plaintiff was threatened by Nanci Kocsi ("Kosci"), defendant's regional coordinator, on June 1, 2017. (Id. ¶ 17). During a staff meeting, Kocsi criticized plaintiff's leadership style and undermined plaintiff's leadership, thereby violating defendant's core values and policies. (Id. ¶ 18). Plaintiff had also previously been required by Kocsi and defendant's state director to obtain a Tuberculosis ("TB") test. (Id. ¶ 40). On June 1, 2017, plaintiff confronted Kocsi about her conduct in the staff meeting, warned Kocsi not to threaten plaintiff or her staff, and advised Kocsi that she did not have the right to speak to plaintiff or her staff that way. (Id. ¶ 20). Plaintiff also explained

that there was no guarantee the health department would give her a TB test. (Id. ¶ 40). Shortly after this confrontation, Kocsi drafted a defamatory and retaliatory memo refering to the confrontation as an argument and accusing plaintiff of being resistant to Kocsi's directives. (Id. ¶ 20). The memo was delivered to plaintiff's office and plaintiff was forced to sign it. (Id. ¶ 18).

On June 8, 2017, plaintiff had a court date for an allegedly illegal traffic stop and was denied a request to take time off. (Id. ¶ 30). She took two and a half hours to go to court. (Id. ¶ 30, 43). Later that day, plaintiff was subjected to a disciplinary interview where, among other things, she was criticized for not submitting an email report in a timely manner. (Id. ¶¶ 29, 31). Plaintiff did submit the report under extreme time pressure, but was punished as if the report had not been submitted. (Id. ¶¶ 31, 35). After the disciplinary interview, the police were called as plaintiff was gathering her things. (Id. ¶ 37). Plaintiff alleges that the disciplinary interview and memo resulted in her constructive dismissal. (Id.)

<h3 style="text-align:center">COURT'S DISCUSSION</h3>

A.  Standard of Review

The court must dismiss a case brought in forma pauperis if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); see Denton v. Hernandez, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court also may consider subject matter jurisdiction as part of the frivolity review. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure").

The court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on

the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.     Analysis

1.     Plaintiff's federal employment discrimination claims

Title VII makes it unlawful for an employer "... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."[1] 42 U.S.C. § 2000e-2(a)(1). The Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 623, the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. provide similar protection against age and disability discrimination.

To prevail on a hostile work environment claim, a plaintiff must establish, among other things, unwelcome conduct on the part of defendant "that is based on plaintiff's [protected class]."

---

[1]The courts commonly refer to each of these attributes as a "protected class." E.g., United States v. Kehoe, 893 F.3d 232, 240 n.5 (4th Cir. 2018)

4

Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015) (en banc). Similarly, a retaliation claim under Title VII requires plaintiff to establish that they engaged in "protected activity," or "complained to their superiors about suspected violations of Title VII," resulting in adverse action by the employer. Id. at 281. With regard to the requirement that plaintiff plead discrimination based on a connection to a protected class, the standards for retaliation and hostile work environment are the same for the ADEA, Rehabilitation Act, and ADA. See, e.g., S.B. ex rel. A.L. v. Bd. of Educ. of Harford Cty., 819 F.3d 69, 78 (4th Cir. 2016).

Plaintiff has not alleged that the actions taken by defendant against her were because of her race, color, religion, sex, national origin, age, or disability, and she has also not alleged that she opposed what she reasonably believed to be an employment practice discriminating against one of those protected classes. Instead, plaintiff generally alleges that Kosci questioned her leadership, required her to sign a memorandum that portrayed her as insubordinate, yelled at her, unfairly denied her time to attend court, threatened her for providing correct information regarding TB testing procedures, and falsely accused her of not timely completing a report. (Compl. ¶¶ 18, 20, 29, 30, 31, 35, 40, 43). While these alleged acts by defendant might be unwarranted, plaintiff has not made the requisite showing that these acts were motivated by her membership in a protected class. Similarly, plaintiff's complaint to Kosci was not protected activity because plaintiff did not communicate a reasonable belief that defendant was engaging in unlawful discrimination against a protected class. (Id. ¶¶ 20, 40). Therefore, plaintiff's complaint fails to state Title VII, ADEA, ADA, and Rehabilitation Act claims for harassment and retaliation.

2.    Plaintiff's First Amendment claims

The magistrate judge did not explain in his M&R why plaintiff's First Amendment claims fail as a matter of law. The court writes separately to address plaintiff's claim.

Plaintiff argues that the actions taken by defendant and its employees violated her First Amendment rights. (Compl. ¶¶ 3, 4). The First Amendment provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I. "It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." Hudgens v. N. L. R. B., 424 U.S. 507, 513 (1976); see also Garcetti v. Ceballos, 547 U.S. 410, 413 (2006) ("[A] state cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression.") (emphasis added). Moreover, "we cannot fairly view the unauthorized actions of [defendant] to be state action merely because [it]...receive[s] the benefit of public funds." Mentavlos v. Anderson, 249 F.3d 301, 319 (4th Cir. 2001).

Here, plaintiff has failed to show that defendant and its employees violated her First Amendment right to freedom of speech because she does not allege that the government has in some way violated her rights. The only allegation plaintiff raises of government involvement in this case is that defendant receives federal funding for its Head Start program. (Compl. ¶ 2). Receipt of federal funds is insufficient to call the actions taken by defendant or its employees "state action" by the federal government. Mentavlos, 249 F.3d at 319. Therefore, plaintiff's First Amendment claim fails and is dismissed without prejudice.

    3.        Plaintiff's remaining federal law claims

Plaintiff asserts a variety of other violations of federal law, including 1) wage, hour, or fair labor claims (id. ¶¶ 2, 3, 9); 2) Weingarten rights, namely, those under NLRB v. J Weingarten, Inc., 420 U.S. 251, 266 (1975) (id. ¶¶ 3, 12, 37); 3) the Equal Pay Act, 29 U.S.C. § 206 (id. ¶¶ 3, 4); and

4) the Sarbanes-Oxley Act, 18 U.S.C. § 1514A (id. ¶ 3).

The court concurs with the magistrate judge's assessment that each of these potential causes of action manifestly fails to state a claim. Plaintiff's remaining federal law claims are dismissed without prejudice.

4.      Plaintiff's state law claims

The court writes separately to address defendant's REDA claim and other state law claims. Although the M&R undertakes an analysis of REDA, this analysis is not necessary to dismiss plaintiff's claim, where the court dismisses plaintiff's state law claims for lack of jurisdiction.

Pursuant to 28 U.S.C. § 1367(c)(3), the court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." This statutory authorization grants the court the power to "dismiss the claim or, if it was removed, remand it to State court." Safar v. Tingle, 859 F.3d 241, 257 (4th Cir. 2017) (quoting Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001)). Accordingly, given dismissal of plaintiff's claims arising under federal law in the present case, the court declines to exercise supplemental jurisdiction over state law claims raised by plaintiff. Plaintiff's remaining state law claims thus are dismissed without prejudice for lack of jurisdiction.


C.      Motion for Appointment of Counsel

Because all of plaintiff's claims have been dismissed, the court denies as moot plaintiff's motion for appointment of counsel.

**CONCLUSION**

For the foregoing reasons, the court ADOPTS the M&R of the magistrate judge on the basis set forth herein. Plaintiff's complaint is DISMISSED without prejudice pursuant to § 1915(e)(2)(B)

for failure to state a claim and lack of subject matter jurisdiction. Plaintiff's motion for appointment of counsel (DE 7) is DENIED as MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of October, 2018.


LOUISE W. FLANAGAN
United States District Judge